UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

WARDELL BELL and PATRICE L. BELL, as guardians of the minors Sadie A. Tolbert and Saadio Nia S. Tolbert, WARDELL BELL, as Executor of the Estate of Sauda Tolbert,

Plaintiffs,

v.  403CV016

JOHN C. TOLBERT,

Defendant.

## ORDER

Prudential Insurance Company of America (Prudential) initially brought this case as a 28 U.S.C. § 1335 interpleader action to determine who should receive the proceeds of two military life insurance policies (one for $100,000, the other for $250,000) on Sauda "Candice" Tolbert (Candice). Doc. # 1. Prior to that, John C. Tolbert had murdered Candice, his wife. *Tolbert v. State*, 282 Ga. 254 (2007). The initial defendants here, then, were the policies' named beneficiaries (John, the children of John and Candice -- Sadie and Saadio Nia ("Nia") -- along with John's mother and brother, Frances E. and Jason J. Tolbert). Doc. # 1 ¶¶ 15-16.

After granting Prudential's interpleader motion, the Court dismissed Prudential from this case and realigned the parties consistent with the "extended slayer's rule" doctrine explored in doc. # 33 at 2-3. Hence, the new plaintiffs were the Tolberts' children (through their maternal grandparent guardians) and Candice's estate. John C. Tolbert and his kin became the defendants. The Court also administratively closed the case pending resolution of the then-pending criminal proceedings against John. *Id.*

The realigned parties then moved the Court to reopen the case because they had reached a settlement[1] just prior to that closure Order. Doc. # 34. As for the $100,000 policy, they

> agreed to divide a portion of the proceeds as follows: $43,592.42 plus 12.28% of the interest which had accrued on the total amount deposited into the Court's registry to Wardell Bell and Patrice Bell, as Co-Guardians and Co-Conservators of Sadie A. Tolbert and Saadio Nia S. Tolbert; and $40,223.42 plus 11.43% of the interest which had accrued on the total amount deposited into the Court's registry to Francis E. Tolbert and Jason J. Tolbert, to be divided equally. (*See* Dkt. 36 - Order). The settlement disposed of Francis' and Jason's claims to the interpleaded funds, and Francis and Jason were therefore dismissed from the litigation with prejudice. (*Id.*). The remaining proceeds from the $100,000.00 policy remained in dispute as between the Bells and John C. Tolbert, as did the proceeds from the $250,000.00 policy. (*Id.*).

Doc. # 43 at 4.

The Court granted that motion and entered the parties' proposed Order approving their settlement. Doc. ## 35, 36. With that, the Court re-closed the case pending the outcome of John C. Tolbert's prosecution. Doc. # 42. Following the finalization of his conviction for murdering

---

[1] Demanding 100% of the insurance proceeds, the Bells, on the children's behalf, along with Wardell Bell in his capacity as executor of Sauda's estate, raised a counterclaim against Prudential, and also cross-claims against John, Frances and Jason Tolbert. Doc. ## 15, 27. They also raised a wrongful death cross-claim against John over Sauda's death. Doc. # 27 at 5-6. Frances and Jason both moved for summary judgment as to their claimed share of the insurance proceeds, doc. # 19, *as amended*, doc. # 21, then later joined with John in moving to dismiss the cross-claims against them. Doc. # 29.

Candice, see Tolbert,[2] plaintiffs now move, unopposed, for summary judgment. Doc. # 43.

There are no "default" summary judgments. Put another way, this Court

> cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed, but, rather, must consider the merits of the motion. The ... [C]ourt need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment.

*U.S. v. One Piece Prop., 5800 SW 74th, Miami, FL*, 363 F.3d 1099, 1101-02 (11th Cir. 2004); *accord Burden v. Mobile Works, Inc.*, 2008 WL 478441 at * 2 (S.D.Ala. 2/19/08) (unpublished).

The $250,000 life insurance policy named John 100% primary beneficiary, with John and Sauda's children (Sadie and Nia) 50% (each) contingent beneficiaries. Doc. # 43 at 2. The $100,000 policy named John's mother and brother (Frances and Jason) 25% (each) beneficiaries, and Sauda's estate the other 50% beneficiary. *Id.* Pursuant to the above-detailed settlement, Frances and Jason are out of this case and no longer hold any claim to the $100,000 policy. And under the Court's application of the extended slayer rule, doc. # 33, John is barred from recovering under any policy on Candice.

Accordingly, the Court **GRANTS** the unopposed motion (doc. # 43) for summary judgment, filed by plaintiffs Wardell Bell and Patrice L. Bell, as guardians of the minors Sadie A. Tolbert and Saadio Nia S. Tolbert, and Wardell Bell, as Executor of the Estate of Sauda Tolbert. The Clerk therefore shall enter judgment for the plaintiffs and once again **CLOSE** this case. Within 10 days of the date this Order is served, plaintiffs shall file a proposed Order directing the final (tallied with all interest due) disbursement of Court Registry funds to them.[3]

This  3  day of April, 2008.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Some of what transpired here became evidence there:

> There were two insurance policies on Candice's life which named Tolbert as a beneficiary. In January 2003, the issuer of those policies filed an interpleader action in Federal District Court, seeking to pay into the court's registry the value of the policies and asserting uncertainty as to Tolbert's qualification to receive the proceeds. *See* OCGA § 33-25-13. The State introduced into evidence certified copies of the complaint in interpleader and Tolbert's answer to it in order to demonstrate his potential monetary benefit from Candice's death.

282 Ga. at 256 (footnote omitted); *see also id.* at 256 n. 2 ("Tolbert was the sole beneficiary of a $250,000 policy, and the beneficiary of 50% of a $100,000 'spousal coverage' policy; the remaining beneficiaries of that policy were his parents").

[3] In that interest on Registry deposits accrues daily, counsel should specify how much principal each party gets, with a final line for the Clerk to pro rate the interest among the payees -- unless one payee is to receive all of the interest. Counsel may contact the Court's Finance Deputy for assistance here. The proposed order shall be filed under a Motion For Entry of Proposed Registry Order.